IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIM. NO. 19-00311-001 |
| | * | |
| MEOSHI SHONTA NELSON | * | |
| | * | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO RECONSIDER**

Comes now the United States of America, by and through Richard W. Moore, the United States Attorney for the Southern District of Alabama, and in response to the defendant's Motion to Reconsider the Court's condition of release to relocate the residents of her group homes by January 23, 2020, submits the following:

1. On January 10, 2020, the Court made it a condition of the defendant's release that she relocate all residents who occupy her group boarding homes operated in the name of By Faith Living, and close the business by January 23, 2020. (Doc. 11 at 4). The defendant's hearing on her probation revocation hearing is set January 24, 2020. (Doc. 270 in *United States v. Meoshi Nelson*, 15-CR-00048-01). Additionally, the United States Probation Office has petitioned the Court to revoke her probation for several violations of conditions of her probation, and the Court has rescheduled her revocation hearing twice at the defendant's request. (Docs. 261, 264, 267, 269 and 270 in 15-CR-00048-01).

2. After the January 10, 2020, entry of the above condition of release, the Court granted the United States' request to supplement the condition to help ensure that the defendant relocate her group home residents in a manner that is consistent with their safety, well-being, and

medical needs, which the Court granted  (Docs. 23, 24, 26).

3.  In her Motion To Reconsider and/or for Additional Time to Comply with Amended Order Setting Conditions of Release filed on January 22, 2020, the defendant represents that she personally provides her 32 residents with services, including: transportation to and from doctor appointments, court appearances, surgery appointments, physical therapy appointments, funerals, trips to the store, day programs, church, family outings, and monthly medication refills.  (Doc. 29 at ¶s 3-5).

4.  The defendant is certainly presumed innocent in this new case, and her probation from her old case may or may not be revoked on January 24, 2020.  However, in the event that her probation is revoked, and she is ordered to prison, the defendant has offered nothing as to who will perform all of the services that she says she provides to her 32 residents on a day-to-day basis.  If the defendant's representations regarding her services to her residents are true, then they would be unable get to medical appointments, get their medicines, buy groceries, and the like, then their health, safety, and well-being are at risk.

5.  The Court is authorized to enter any condition of pre-trial release "to assure the safety of any other person and the community." 18 U.S.C. § 3142(e)(B)(xiv).  The Court's condition of release requires that she relocate her multiple residents by January 23rd  so that if her probation is revoked on January 24, 2020, the safety of her residents will not be endangered. The defendant has offered no evidence of a viable contingency plan of how her residents are to be cared for in the event of her possible revocation and imprisonment.  The present conditions of release require the defendant to take steps to protect the safety of the residents. Therefore, United States submits that her motion is due to be denied.

Respectfully Submitted,

RICHARD W. MOORE
UNITED STATES ATTORNEY
By:


*/s/Alex F. Lankford, IV*
Alex F. Lankford, IV (lanka0026)
Assistant United States Attorney
United States Attorney's Office
63 South Royal Street, Suite 600
Mobile, AL  36602
Phone: (251) 441-5845