**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL ACTION 1:19-00311-KD-B** |
| | ) | |
| **MEOSHI SHONTA NELSON,** | ) | |
| **Defendant.** | ) | |

## <u>ORDER</u>

This action is before the Court on Defendant Meoshi Shonta Nelson's ("Nelson") motion for early termination of supervised released. (Doc. 135). Upon consideration, and for the reasons below, the motion is DENIED.[1]

Nelson pled guilty to wire fraud, in violation of 18 U.S.C. § 1343, and conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349. On September 10, 2021, Nelson was sentenced to six months custody of the Bureau of Prisons followed by a three-year term of supervised release. Based on information from the Bureau of Prisons, Nelson completed this sentence on July 18, 2021. (Doc. 124 at 1).

Nelson moves for early termination of her supervised release because she has "diligently adhered to all condition of [her] release." (Doc. 135). Nelson states that she has completed two-thirds of her supervision and has "made significant efforts to rehabilitate [herself] and to become

---

[1] No evidentiary hearing is necessary when the district court denies a motion for early termination of supervised released. <u>United States v. Reagan</u>, 162 Fed. Appx. 912, 913 (11th Cir. 2006) ("A refusal to terminate supervised release does not constitute a modification of the term of supervised release. Accordingly, the district court was not required to hold an evidentiary hearing before denying Reagan's motion."); <u>United States v. Smith</u>, 2010 WL 716495, at *2 (M.D. Fla. Feb. 25, 2010) (same) (citing <u>United States v. Reagan</u>, 162 Fed. Appx. at 913).

a productive and responsible member of society." (Id.). Nelson writes that her probation officer can provide a positive assessment of her conduct and compliance. (Id.).

The United States Attorney and Nelson's Probation Officer recommend the Court deny Nelson's motion for early termination. Nelson's Probation Officer is "not aware of any known criminal activity while on supervision." However, Nelson "has a significant criminal history, mostly consisting of fraud related offenses, including a previous case with this Court, during which her probation was revoked due to unauthorized out of country travel and failure to pay restitution." Further, Nelson still owes restitution balances in two cases ($26,121.59 for the current judgment and $44,851 for her previous conviction). "The Probation Office submits that financial cases such as these bear as much supervision as possible." Therefore, Nelson's Probation Officer and the United States Attorney oppose an early termination of supervised release.

Pursuant to 18 U.S.C. § 3583(e)(1), after consideration of the relevant factors in 18 U.S.C. § 3553(a), the Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).

The requisite one year of supervised release has expired.  Therefore, the Court considers the factors in 18 § U.S.C. 3553(a). The relevant factors include the "nature and circumstances of the offense" and Nelson's "history and characteristics," as well as the "need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment," . . . "to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(1)–(a)(2)(C).

Upon consideration, the Court finds that Nelson has multiple fraud-related offenses that required restitution. Nelson still owes restitution for two cases. Nelson failed to comply with conditions of supervision in a previous case, which led to a revocation. The relevant factors identified weigh in favor of denying her motion for early termination of supervision. Accordingly, the Court is not satisfied that early termination is warranted, 18 U.S.C. § 3583(e)(1), and Nelson's motion, (Doc. 135), is **DENIED**.

**DONE** and **ORDERED** this the **18th** day of **July 2024.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**